**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                       **NO:4:97CR0080-01**

**EUGENE MORRIS**

### ORDER

Pending are Defendant's motions for preliminary injunction challenging jurisdiction, docket # 89 and motion for a new trial pursuant to Rule 33 based on newly discovered evidence, docket # 90.

The defendant pled guilty on November 13, 1997 to aiding and abetting armed bank robbery in violation of 18 U.S.C. §2113(a) and (d). Defendant was sentenced to 225 months imprisonment and three years supervised release. Plaintiff filed a motion to vacate, set aside or correct his sentence on April 23, 1999 which was denied. On May 29, 2001 the defendant filed an application for habeas corpus pursuant to 28 U.S.C. §2241 which was also denied. On May 5, 2005 the defendant filed a motion challenging federal jurisdiction which was denied on June 15, 2005. The defendant filed a notice of appeal and the Eighth Circuit Court of Appeals denied the application for a certificate of appealability. A petition for writ of certiorari was filed on April 17, 2006 and the United States Supreme Court denied the defendant's petition on May 22, 2006. The issue of jurisdiction has been fully addressed by the Courts, accordingly, Defendant's pending motion challenging jurisdiction is denied.

To succeed on a motion for a new trial based on newly discovered evidence, (1) the evidence must have been discovered after trial; (2) the failure to discover this evidence must not

be attributable to a lack of due diligence on the part of the movant; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be likely to produce an acquittal if a new trial is granted. *United States v. Duke,* 255 F.3d 656, 659 (8th Cir. 2001). Defendant has offered no evidence that constitutes "newly discovered evidence" which would be "likely to produce an acquittal if a new trial" were granted. Further, the defendant's motion is untimely. Fed. R. Crim. P. 33. Finally, Rule 33 is inapplicable in the context of a guilty plea. *See, United States v Gilliam,* 2003 WL 22435662, 2 (6th Cir. 2003); *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir.1995); *United States v. Collins*, 898 F.2d 103, 104 (9th Cir.1990); *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir.1979); *Williams v. United States*, 290 F.2d 217, 218 (5th Cir.1961). Accordingly, Defendant's motion for a new trial is DENIED.

Wherefore, Defendant's motions, docket #'s 89 and 90 are denied.

IT IS SO ORDERED this 3rd day of July, 2007.

James M. Moody
United States District Judge